J-S18003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JASMINE MARIE SMITH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DUANE CONFER, II | : | |
| | : | |
| Appellant | : | No. 14 WDA 2024 |

Appeal from the Order Dated November 30, 2023
In the Court of Common Pleas of Mercer County
Civil Division at No(s): No. 2013-1424

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: May 29, 2024**

Duane Confer, II ("Father") appeals from the order denying his Petition for Emergency Relief or in the alternative to Modify Custody regarding H.C. (d.o.b. March, 2008) ("Child"). After our thorough review, we affirm on the basis of the trial court's opinions.

The procedural history of this matter is quite litigious. Jasmine Smith n/k/a Jasmine Austin ("Mother") and Father are the biological parents of Child and were married at the time of Child's birth. A previous panel of this Court provided the following additional background:

> [Mother] has resided in Texas since October 2019 when she moved there for work. She works full-time as a sales manager.

> Father resides in Hermitage, Pennsylvania. He is medically retired from the Marine Corps. Father's paramour works as a caseworker for Children and Youth Services in Lawrence County. She does not live with Father and Child but, on occasion, stays overnight.

Mother initiated this matter when she filed a divorce complaint in May 2013. At that time, Mother and Father (collectively, "Parents") resided in Hermitage, Pennsylvania. Thereafter, in August 2013, Mother filed a petition for primary physical custody of Child, then five years old.

Interim orders [entered in 2013 and 2014] awarded Mother primary physical custody, Father partial physical custody, and Parents shared legal custody. Subsequently, Father filed a petition to modify custody in March 2015, and by stipulated order dated August 4, 2016, the trial court awarded Parents shared legal and physical custody[.] …

\* \* \*

On August 15, 2019, Mother filed a petition for modification, averring that she was relocating to Dallas, Texas because of her job and requesting that she be awarded partial physical custody. … On August 22, 2019, Father filed a petition for emergency relief requesting primary physical custody of Child. After a custody conference, by order dated October 28, 2019, the court issued an interim order awarding Father primary physical custody, and Mother partial physical custody ….

Mother filed a notice of relocation and an amended petition to modify on November 12, 2019, wherein she requested primary physical custody of Child. Thereafter, by stipulated order dated March 13, 2020 … the trial court awarded Parents shared legal custody, Father primary physical custody, and Mother partial physical custody. …

On January 27, 2022, Mother filed a petition for modification of the existing custody order, wherein she again requested primary physical custody. Hearings occurred on July 18, 19, and 21, 2022. …

The court conducted an in camera interview of Child in the presence of the [guardian *ad litem*, Autumn Johnson, Esquire] ("GAL"). Child was fourteen years old and about to start eighth grade. Child did not provide the court with a clear preference[.] …

\* \* \*

By order entered August 3, 2022, … the trial court awarded Mother primary physical custody, and Father partial physical

custody …. The order also provided Parents shared legal custody. [This Court affirmed the trial court's order on May 3, 2023.]

***Smith v. Confer***, 299 A.3d 871, 2023 WL 3221011, unpublished memorandum, at *1-*2 (Pa. Super. filed May 3, 2023).

Approximately three months later, Father filed the Emergency Petition or alternative Petition to Modify Custody which is the subject of this appeal. He alleged Child's stepfather threatens Child with physical abuse and that Mother mentally abuses Child by lying to him and manipulating him. Father also claimed Child has been depressed and has been absent or tardy from school a total of 45 days. After interviewing Child at the hearing on Father's request for emergency relief, the court denied the request, finding no emergency existed. It then scheduled a September 2023 trial for Father's alternate request for the modification of custody. On November 30, 2023, the court issued a 41-page decision and order denying Father's petition to modify the August 3, 2022 custody order. Father timely appealed and filed a contemporaneous Rule 1925(b) statement. The trial Court filed a Rule 1925(a) opinion. ***See*** Pa.R.A.P. 1925(a).

Father raises the following issues for our review, which we reproduce verbatim:

> 1. Did the honorable trial court [err] and abuse its discretion by issuing an order contrary to the long held custody status quo and well-reasoned preference of the mature child as expressed by the child in direct examination at the recent hearing, who was by every objective indication from music, academics, friendships, and athletics excelling and thriving while living with Father and attending the Hermitage School District.

2. Did the honorable trial court error and abuse its discretion by issuing an order contrary to the well-reasoned preference of the child as stated by him in his clear testimony under oath, focusing upon its own interpretation of the body language, question response time and nonverbal cues of the child.

3. Did the honorable trial court error and abuse its discretion by radically changing primary physical custody to Mother and failing to accurately apply 23 Pa.C.S. [§]5328, the 16 relevant custody factors, to the facts of this case? The trial court sent the minor child across the county against his preference and contrary to the status quo to live in North Richland Hills, Texas, away from his routines, family, father, friends, activities and way of life.

Appellant's Brief, at 8-9 (suggested answers omitted).

Our scope and standard of review of custody decisions is well-settled:

[T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it.... However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination.... Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

[O]n issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses.

The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

The test is whether the evidence of record supports the trial court's conclusions.

*C.M. v. M.M.*, 215 A.3d 588, 591 (Pa. Super. 2019) (citations omitted; brackets in original). "Simply stated, [t]he test is whether the evidence of record supports the trial court's conclusions and the conclusions are grounded in a comprehensive evaluation of the best interest of the child." *H.C.Z. v. J.K.Z.*, 236 A.3d 1106, 2020 WL 1900100, unpublished memorandum, at *2 (Pa. Super. filed April 17, 2020) (citation omitted; brackets in original).[1]

After reviewing the record, Father's brief, and the Honorable Ronald D. Amrhein, Jr.'s well-reasoned Pa.R.A.P. 1925(a) Opinion, which incorporates his astute and thorough 41-page November 30, 2023 Findings of Fact and Order, we conclude Father's issues merit no relief. The trial court's November 30, 2023 decision belies Father's characterization of the record and Father's claim that the trial court abused its discretion or failed to properly consider the custody factors and evidence before it. It contains 172 findings of fact, analyzes both the custody and relocation factors, and includes a general discussion. The decision more than adequately supports the conclusion that denial of Father's petition is in the best interest of Child. *See* Findings of Fact and Order, 11/30/23, at 1-40.

_____

[1] Unpublished decisions filed after May 1, 2019 may be cited for their persuasive value. *See* Pa.R.A.P. 126(b).

Moreover, Judge Amrhein, Jr.'s Pa.R.A.P. 1925(a) Opinion effectively disposes of the questions presented on appeal. **See** Rule 1925(a) Opinion, 1/10/24, at 4-11 (pagination provided) (Finding: the physical custody status quo, which was established by the August 3, 2022 custody order, is Child living in Texas with Mother, not Child living in Pennsylvania with Father; the well-reasoned preference of a child in custody matters is but one factor the trial court considers in its analysis of the best interest of the child, and the significance to be granted that preference is most appropriately determined by the judge who can see the child in court; Father's claim that the court erred by considering Child's body language when determining the weight to be afforded his testimony has no legal basis and lacks merit, as the weight to be attributed to evidence lies within the province of the trial court; and Father's claim that the court failed to accurately apply the 16 custody factors is waived for the failure of Father's Rule 1925(b) statement to specify any specific error; even if not waived, Father fails to acknowledge the court's thorough analysis of the custody factors in its November 30, 2023 decision and merely requests that the factors be weighed in his favor).

We affirm on the basis of the trial court's November 30, 2023 and January 10, 2024 opinions.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/29/2024